United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MSHIFT, INC., a Delaware corporation,

    Plaintiff,

v.

DIGITAL INSIGHT CORPORATION, a Delaware corporation, COMMUNITY TRUST FINANCIAL CORPORATION, a Louisiana corporation, and COMMUNITY TRUST BANK, a Louisiana corporation,

    Defendants.
_____/

DIGITAL INSIGHT CORPORATION, a Delaware corporation,

    Counterclaimant,

v.

MSHIFT, INC., a Delaware corporation,

    Counterdefendant.
_____/

No. C 10-00710 WHA

**ORDER DENYING DEFENDANT'S MOTION FOR STAY**

## INTRODUCTION

In this patent infringement action, defendant Digital Insight Corporation moves to stay the proceedings as to the other named defendants until after the infringement claims against Digital Insight are decided. Plaintiff opposes this motion. For the reasons stated below, defendant's motion for a stay is **DENIED.**

1  Plaintiff Mshift, Inc., is suing Digital Insight, Community Trust Financial Corporation
2 ("CTFC"), and Community Trust Bank ("CTB") for patent infringement.  CTB is a wholly owned
3 subsidiary of CTFC.  Asserted is U.S. Patent No. 6,950,881, entitled "System for Converting
4 Wireless Communications for a Mobile Device."  Though plaintiff does not mention in its
5 complaint which of defendants' products or services are infringing on plaintiff's patent, Digital
6 Insight believes that the only product that is remotely related to this patent is its mobile-banking
7 service.  CTFC and CTB, according to Digital Insight, are only customers who purchase and
8 use Digital Insight's mobile-banking service but otherwise play no role in operating this service.
9 Digital Insight alleges that plaintiff, in an effort to disrupt Digital Insight's business, chose to
10 sue these particular customers because of their small size and substantial distance from this
11 forum — CTB is headquartered in Louisiana with branches in Mississippi and Texas.
12 Digital Insight also alleges that plaintiff has sent emails to other customers threatening lawsuits.
13 Since Digital Insight is the provider and operator of the service that is likely at issue, it wishes
14 to stay the proceeding with regards to their customers, CTFC and CTB, to simplify this case.

15  Although the Court is sympathetic to the possibility that these customer defendants have
16 been added merely to harass, plaintiff asserts that CTFC and CTB are essential parties to this
17 controversy and that they are in possession of necessary discovery for plaintiff to prove its claims
18 and defend against Digital Insight's counterclaims.  Plaintiff has the right to bring infringement
19 claims against parties that have possibly infringed on its patents, therefore, Digital Insight's
20 motion for a stay is **DENIED.**  Defense counsel will wind up representing all three defendants,
21 so it is doubtful that the burden on the Louisiana entities will be substantial.  Digital Insight
22 will be indemnifying and paying for the defense, so the Louisiana entities will not be much
23 inconvenienced.  Going forward, however, plaintiff must request leave of court in advance to
24 add any more defendants; this is without prejudice to third-party discovery requests to customers.
25 Discovery against the Louisiana banks will be limited as follows:  no document discovery may
26 be directed to them that can be fully responded to by Digital Insight so long as the latter does
27 so timely and promptly; five interrogatories may be directed to them but not more (no subparts);
28 one deposition per Louisiana defendant may be conducted.  No requests to admit may be directed

to them. Attorney Valentine's letter is appreciated but since the stay is denied the Louisiana entities are not bound by the pledge therein.

**IT IS SO ORDERED.**

Dated: April 12, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE