JAMES C. OTTESON, State Bar No. 157781
jim@agilityiplaw.com
AGILITY IP LAW
303 Almaden Blvd., Suite 500
San Jose, CA 95110
Telephone: (408) 291-2750
Facsimile: (408) 297-6000

DANIEL J. BERGESON, State Bar No. 105439
dbergeson@be-law.com
MELINDA M. MORTON, State Bar No. 209373
mmorton@be-law.com
BERGESON, LLP
303 Almaden Blvd., Suite 500
San Jose, CA 95110
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Plaintiff
MSHIFT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MSHIFT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL INSIGHT CORPORATION, a Delaware corporation, COMMUNITY TRUST FINANCIAL CORPORATION, a Louisiana corporation, and COMMUNITY TRUST BANK, a Louisiana corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO.: C10-00710 (WHA)<br><br>**DECLARATION OF JAMES C. OTTESON IN SUPPORT OF PLAINTIFF MSHIFT'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Date: June 3, 2010<br>Time: 8:00 a.m.<br>Dept.: Courtroom 9, 19th Floor<br>Judge: Hon. William H. Alsup<br><br>Complaint Filed: February 19, 2010 |

OTTESON DECL ISO MSHIFT'S MOTION FOR
LEAVE TO FILE 1ST AMENDED COMPLAINT
CASE NO. C10-00710 (WHA)

1    I, James C. Otteson, declare:

2    1.   I am the founder and lead attorney of Agility IP Law in San Jose, California, counsel for plaintiff MShift, Inc. I have personal knowledge of the facts set forth in this declaration, and could and would competently testify thereto under oath if called as a witness.

2.   On April 27, 2010, I contacted Andrew Valentine (of DLA Piper) and Rodger Cole (of Fenwick & West), counsel for defendants Intuit Financial Services ("IFS"; formerly known as Digital Insight Corporation), Community Trust Financial Corporation ("CTFC") and Community Trust Bank ("CTB"). In particular, I sent them an e-mail in which I asked whether defendants would oppose a motion by MShift to file an amended complaint to add the following as defendants: (1) Mobile Money Ventures, LLC ("MMV"); (2) Meritrust Federal Credit Union; (3) Professional Federal Credit Union; (4) Sanford Institution for Savings; (5) Fort Worth Community Credit Union; (6) USE Credit Union; (7) Gate City Bank; (8) Busey Bank; (9) Denison State Bank; (10) Fidelity Bank (of Massachusetts); and (11) First Internet Bank of Indiana. (I will refer to entities (2)-(11) plus Vision Bank as the "Additional Financial Institutions.") A true and correct copy of my April 27, 2010 e-mail is attached as Exhibit 1.

3.   On April 28, 2010, not having heard from defendants' counsel, I sent a second e-mail to ask them again if they would oppose a motion by MShift to add the eleven entities listed above as defendants. I also told them that we intended to add a twelfth new defendant, Vision Bank. A true and correct copy of my April 28, 2010 e-mail (sent at 4:20 p.m.) is attached as Exhibit 2. In my e-mail, I pointed out that in its April 12, 2010 Order, the Court had directed MShift to ask the Court's leave before adding more defendants. Thus, I asked defense counsel whether they would oppose such a motion.

4.   Mr. Valentine immediately responded with an e-mail in which he said that defendants would get back to MShift regarding their position by no later than the next morning. A true and correct copy of Mr. Valentine's April 28, 2010 e-mail (received by me at 4:22 p.m.) is attached as Exhibit 3. Around 9:00 p.m. on the evening of April 28th, Mr. Valentine sent me another e-mail, in which he stated that defendants would agree to the addition of MMV as a defendant – as long as MShift agreed not to add the Additional Financial Institutions. A true and

OTTESON DECL ISO MSHIFT'S MOTION FOR     -1-
LEAVE TO FILE 1ST AMENDED COMPLAINT
CASE NO. C10-00710 (WHA)

correct copy of Mr. Valentine's April 28, 2010 e-mail (received by me at 9:02 p.m.) is attached as Exhibit 4.

5. The next morning (April 29, 2010), I responded to Mr. Valentine by saying that while MShift appreciated defendants' offer not to oppose the addition of MMV as a defendant, MShift could not agree not to add the Additional Financial Institutions. I pointed out that the Constitution and the Patent Act ensure the right of inventors to seek redress for the infringement of their patents. I also told Mr. Valentine that MShift would agree to the same discovery limitations for the Additional Financial Institutions that the Court imposed for CTFC and CTB in the April 12, 2010 Order. A true and correct copy of my April 29, 2010 e-mail (sent at 9:53 a.m.) is attached as Exhibit 5.

6. Shortly thereafter, Mr. Valentine called me to discuss the issue. He said that defendants did not believe the addition of the Additional Financial Institutions would advance the case. I responded that MShift was within its rights to seek monetary damages and injunctive relief against all infringers, including the Additional Financial Institutions. Mr. Valentine suggested the possibility that Intuit Financial Services might offer to post a bond to guarantee MShift's recovery from the Additional Financial Institutions, in the event MShift is able to prove infringement. However, we did not immediately come to any agreement about whether the parties could agree to a bond, or what the amount would be.

7. On the afternoon of April 29th, I sent Mr. Valentine another e-mail, in which I stated that MShift would not agree to drop its request to add the Additional Financial Institutions. Mr. Valentine responded to my e-mail, stating: "[W]e will not oppose MMV being added but will not agree to addition of the banks. I understand you are not interested in the bond issue and will be filing your motion today. As I mentioned in our earlier call, if we think that route is worth discussing, I will contact you at a later date and we can see if you/MShift change your mind." A true and correct copy of the e-mail exchange between myself and Mr. Valentine on the afternoon of April 29, 2010 is attached as Exhibit 6.

Executed this 29th day of April, 2010 in San Jose, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ James C. Otteson
James C. Otteson

OTTESON DECL ISO MSHIFT'S MOTION FOR
LEAVE TO FILE 1ST AMENDED COMPLAINT
CASE NO. C10-00710 (WHA)

-3-