```
 1
 2
 3
 4
 5
 6
 7
 8                       UNITED STATES DISTRICT COURT
 9
                        NORTHERN DISTRICT OF CALIFORNIA
10
11
    MSHIFT,                        )
12                                 )
               Plaintiff(s),       )    No. C10-0710 WHA (BZ)
13                                 )
         v.                        )
14                                 )    SETTLEMENT CONFERENCE
    DIGITAL INSIGHT CORP., et      )    ORDER - PATENT CASE
15  al.,                           )
                                   )
16             Defendant(s).       )
                                   )
17  _____    )
18
19      The above matter was referred to me for settlement
20  purposes.
21      On May 27, 2010, I conducted a telephonic hearing at which
22  both sides were represented by counsel.  With the consent of
23  the parties and good cause appearing, **IT IS HEREBY ORDERED** that
24  by no later than **June 28, 2010,** Scott Moeller, CEO of MShift,
25  Xiaomeng Zhou, COO of Mshift, Albert Ko, SVP Consumer
26  Solutions, Digital Insight and Gary Schofield, CEO of Mobile
27  Money Ventures, shall meet in person, preferably outside the
28  presence of counsel, to discuss a resolution of this dispute.
```

They shall meet in Mountain View, at the offices of Digital Insight and/or in Silicon Valley at the offices of MShift or in any other place to which they both agree. The principals are urged to explore a creative, business resolution of their dispute. If the case settles, the parties are to notify the Court immediately.

Each party shall provide the other informally, expeditiously and pursuant to Federal Rule of Evidence 408 with all information reasonably needed to further the progress of the settlement negotiations. Confidential information may be provided subject to a protective order.

If there is no settlement, it is **ORDERED** that a telephonic conference is scheduled for **July 12, 2010, at 1:30 p.m.**, to discuss the status of the negotiations. Counsel for the parties shall contact **CourtCall**, telephonic court appearances at **1-888-882-6878**, and make arrangements for the telephonic conference call. The principals need not participate.

It is further **ORDERED** that a Settlement Conference is scheduled for **August 3, 2010, at 9:00 a.m.**, in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102. Counsel who will try the case shall appear at the Settlement Conference with the party principals who met earlier. The negotiations will be principally among the party principals in my presence.

Each party shall prepare a Settlement Conference Statement, which must be served on opposing counsel and lodged (not faxed) with my chambers no later than seven calendar days prior to the conference. The Statement shall **not** be filed with

the Clerk of the Court.  The Statement **may** be submitted on CD-ROM with hypertext links to exhibits.  Otherwise, the portion of exhibits on which the party relies **shall** be highlighted. The Settlement Conference Statement shall not exceed ten pages of text and twenty pages of exhibits and shall include the following:

    1.   A brief statement of the facts of the case.

    2.   A brief statement of the claims and defenses including, but not limited to, statutory or other grounds upon which the claims are founded.

    3.   A summary of any related litigation.

    4.   A summary of the proceedings to date and any pending motions.

    5.   An estimate of the cost and time to be expended for further discovery, pretrial and trial.

    6.   The relief sought, including an itemization of damages.

    7.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions.  The Court's time can best be used to assist the parties in completing their negotiations, not in starting them. So there is no confusion about the parties' settlement position, plaintiff must serve a demand in writing no later than fourteen days before the conference and defendant must respond in writing no later than eight days before the conference.  The parties are urged to carefully evaluate their case before taking a settlement position since extreme positions hinder the settlement process.

Along with the Statement each party shall lodge with the court a document of no more than three pages containing a **candid** evaluation of the parties' likelihood of prevailing on the claims and defenses, and any other information that party wishes not to share with opposing counsel. The more candid the parties are, the more productive the conference will be. This document shall not be served on opposing counsel.

It is not unusual for conferences to last three or more hours. Parties are encouraged to participate and frankly discuss their case. Statements they make during the conference will not be admissible at trial in the event the case does not settle. The parties should be prepared to discuss such issues as:

1. Their settlement objectives.

2. Any impediments to settlement they perceive.

3. Whether they have enough information to discuss settlement. If not, what additional information is needed.

4. The possibility of a creative resolution of the dispute.

The parties shall notify chambers immediately if this case settles prior to the date set for settlement conference. Counsel shall provide a copy of this order to each party who will participate in the conference.

Dated: June 8, 2010

Bernard Zimmerman
United States Magistrate Judge