1
2
3
4
5
6                        IN THE UNITED STATES DISTRICT COURT
7
                        FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9
10   MSHIFT, INC., a Delaware corporation,
11              Plaintiff,                              No. C 10-00710 WHA
12       v.
13   INTUIT FINANCIAL SERVICES (formerly known
     as DIGITAL INSIGHT CORPORATION), a
14   Delaware corporation, COMMUNITY TRUST              **ORDER GRANTING**
     FINANCIAL CORPORATION, a Louisiana                 **MOTION FOR LEAVE**
15   corporation, and COMMUNITY TRUST BANK,             **TO FILE FIRST**
     a Louisiana corporation,                           **AMENDED COMPLAINT**
16
17              Defendants.
18   _____/
19   INTUIT FINANCIAL SERVICES  (formerly
     known as DIGITAL INSIGHT CORPORATION),
20   a Delaware corporation,
21              Counterclaimant,
22       v.
23   MSHIFT, INC., a Delaware corporation,
24              Counterdefendant.
     _____/
25
26                              **INTRODUCTION**
27       In this patent infringement action, plaintiff moves for leave to file a first amended
28   complaint to add twelve new defendants who allegedly infringe the same patent at issue in the

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  original complaint.  Defendants oppose the motion except with respect to one of the proposed

2  defendants.

3        The amended case management scheduling order set a deadline to add new parties.

4  Plaintiff timely filed the instant motion.  There is no showing of prejudice against defendants or

5  futility in the proposed amendment.  Accordingly, plaintiff's motion for leave to file a first

6  amended complaint is **GRANTED**.

7                                    **STATEMENT**

8        Plaintiff MShift, Inc., is suing Intuit Financial Services ("IFS"), Community Trust

9  Financial Corporation ("CTFC"), and Community Trust Bank ("CTB") for patent infringement.[1]

10  CTB is a wholly owned subsidiary of CTFC.  Asserted is a patent on certain wireless

11  communications.  Accused is the mobile banking product sold by IFS to financial institutions.

12  IFS's counterclaims deny all and say this is a strike suit against IFS's business and customer base.

13        The instant motion follows an earlier order denying a motion to stay the proceeding as

14  against customers CTFC and CTB.  That order noted that plaintiff had a right to bring

15  infringement claims, but it also limited discovery as to defendants that are customers of IFS.

16        Plaintiff filed the instant motion with a proposed first amended complaint.  Plaintiff seeks

17  to amend its complaint by adding twelve new defendants, eleven of which are bank customers of

18  IFS ("IFS Customers").[2]  The remaining proposed additional defendant, Mobile Money Ventures,

19  LLC ("MMV"), is IFS's business partner.  The amendment relies only on the same patent.  In a

20  stipulation, plaintiff has agreed not to attempt to add any claims that would be based on new legal

21  theories.

22        A parallel motion to intervene as a defendant was filed by SK C&C Co., Ltd. ("SK").

23  SK, a South Korean company, seeks to intervene as a matter of right, or in the alternative,

24  permissively, in order to defend its interests in the software that it sells to proposed defendant

25  ───────────────

26  [1]  After the original complaint, defendant Digital Insight changed its name to Intuit Financial Services.
Intuit Financial Services is a division of Intuit, Inc.

27  [2]  Plaintiff seeks to add the following IFS customers through the instant motion:  (1) Meritrust Federal
Credit Union; (2) Professional Federal Credit Union; (3) Sanford Institution for Savings; (4) Fort Worth
28  Community Credit Union; (5) USE Credit Union; (6) Gate City Bank; (7) Busey Bank; (8) Denison State Bank;
(9) Fidelity Bank (of Massachusetts); (10) First Internet Bank of Indiana; (11) Vision Bank.

MMV.  SK says that its software is the same software that allegedly infringes.  MMV has asked SK for indemnification from any liabilities that may result from this proceeding.  Neither party has yet filed a response to SK's motion, a hearing for which is scheduled for July 8.  SK reports that MShift has expressed opposition to SK's intervention.

On the instant motion, the undersigned issued two interrogatories, both provoked by a concern as to MShift's motivation in requesting the addition of the IFS Customers.  Both parties agreed with one another in their answers, namely that (1) MShift should not have to submit a more detailed accounting of its infringement claims, and (2) that the invalidity of MShift's claims need not be dealt with in advance of any other issues regarding infringement.

Separately, IFS has offered to post a one million dollar bond in exchange for MShift's agreement not to seek the addition of the IFS Customers.  MShift rejected this offer, however, stating that the bond amount inaccurately estimated the value of MShift's technology.  MShift then notified IFS that it would not withdraw the instant motion.  Defendants respond without objection as to the addition of MMV as a defendant.  Defendants do object to the addition of the IFS Customers, however, contending that their addition to the lawsuit will slow adjudication by complicating the proceedings and will burden the parties by increasing the costs of litigation.

**ANALYSIS**

Rule 15(a) governs the instant motion.  Leave to amend should be freely given "when justice so requires."  The Supreme Court has reiterated this point while adding that, in the absence of undue prejudice, bad faith or dilatory motive on the part of the moving party, leave to amend is to be freely given as justice so requires.  This policy favoring amendment emphasizes the importance of giving a plaintiff his day in court; when a plaintiff relies on facts or circumstances that are a proper subject of relief, a plaintiff "ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In the Ninth Circuit, district judges commonly consider the following factors:  (1) prejudice to the opposing party; (2) futility of amendment; (3) undue delay; and (4) bad faith. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

**United States District Court**
For the Northern District of California

1

**1.     PREJUDICE.**

None of the arguments advanced by defendants establishes undue prejudice.  It is true that

the amendment will multiply the litigation and disrupt IFS's customer base.  The April 12 order,

which denied the earlier motion to stay, explained that:  (1) the limitations placed on discovery

directed at IFS's customers[3] would keep discovery of multiple defendants manageable; and

(2) plaintiff has a right to bring infringement claims against those that have potentially infringed

its patents.  So too here.

True, when the scope of discovery is unreasonably expanded, a court is justified in

denying a motion to amend.  *Ambat v. City and County of San Francisco*, 2009 WL 3045937, *2

(N.D. Cal. Sept. 18, 2009).  The motion in *Ambat*, however, would have increased the cost of

litigation and scope of discovery because the petitioner's motion to amend would have

"expand[ed] the liability period at issue by nearly a year."  *Ibid.*  (internal quotes omitted).

Here, the scope of discovery will increase because plaintiff has identified more entities that it

believes infringe its patent.  Plaintiff has a *right* to bring infringement claims against those whom

it believes infringe its patents.

In *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006),

the plaintiff sought to add new legal theories to its complaint against the defendant that would

have required an entirely new line of discovery and argumentation based on the proposed new

theories.  The plaintiff submitted the motion for leave to file its amendment some fifteen months

after it had conceived of the possibility of bringing the proposed legal theories into its proceeding.

*Id.* at 953.  In contrast, our plaintiff has brought its timely motion for leave to amend fewer than

three months after it filed its original complaint.

Defendants worry that the grant of the instant motion will encourage plaintiff to "threaten"

even more of IFS's customers.  As stated previously, however, the May 19 case management

scheduling order set a deadline of May 27 for the filing of any motions to add new parties and the

---

[3] The April 12 order limited discovery directed at IFS's customers (bank defendants CTFC and CTB)
as follows: "no document discovery may be directed to them that can be fully responded to by [IFS] so long as
the latter does so timely and promptly; five interrogatories may be directed to them but not more (no subparts);
one deposition per [bank] defendant may be conducted [and no] requests to admit may be directed to them."

4

instant motion was timely filed.  As of the date of this order, the deadline for the filing of motions

to amend has passed and no new motions to amend have been filed.

**2.     FUTILITY.**

None of the decisions cited by defendants provides support for a finding of futility.

A proposed amendment is futile "only if no set of facts can be proved under the amendment to the

pleadings that would constitute a valid and sufficient claim or defense."  *Miller v. Rykoff-Sexton,*

*Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted).  That is not the case here.  Indeed, the

IFS Customers may be individually liable for patent infringement and plaintiff has a right to bring

patent infringement claims against them.

Defendants attempt to show that plaintiff has failed to state a valid and sufficient claim

against the IFS Customers by relying on decisions which demonstrate that, in patent claims, a

plaintiff may not recover against a party for the same infringing activity when plaintiff has

already recovered against another party.  *E.g.*, *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 864

(Fed. Cir. 2006).  The present case is distinct from *Glenayre*, however, because plaintiff has yet to

conduct discovery, let alone actually recover against any party for its patent infringement claims.

It is true that IFS must indemnify its customers in the event that plaintiff proves its claim against

defendants.  It is likewise true that plaintiff would be unable to recover against the IFS Customers

under *Glenayre*, should plaintiff recover against IFS.  This does not translate to futility.  IFS

could go broke.  IFS might not be able to pay the judgment.  Injunctive relief may be warranted as

against all.

Defendants claim that the IFS customers possess no discovery that defendant IFS will not

itself supply, and as such they are not necessary parties to this proceeding.  This is counterfeit

logic.  If the IFS Customers are infringing, the patent owner has a right to seek an injunction to

stop it.

**3.     UNDUE DELAY AND BAD FAITH.**

This order finds that the remaining *DCD Programs* factors likewise favor entry granting

the instant motion.  Plaintiff moved timely.  There is no evidence of bad faith.  At the hearing for

IFS's motion to stay, counsel for plaintiff noted that the number of additional potential defendants

United States District Court

For the Northern District of California

was "on the order of ten." (Tr. 10). In the same hearing the undersigned commented that, if ten more IFS customers were thought to be infringing MShift's patent, MShift had "a right to sue them," (*id.* at 17). Plaintiff has stated from the outset of this proceeding that a plurality of IFS's customers may be infringing its patent, and has gone so far as to estimate that number at ten. The instant motion reflects that estimate as having been proximate. Plaintiff's right to sue those that infringe its patent was established at the April 8 hearing. There is, as yet, no showing of bad faith in plaintiff's motion to amend.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to file a first amended complaint is **GRANTED**. The first amended complaint shall be filed and served with summons within **SEVEN CALENDAR DAYS**.

Discovery directed at the IFS Customers will be limited in the same way as discovery directed at defendants CTB and CTFC was limited in the April 12 order: no document discovery may be directed to them that can be fully responded to by IFS so long as the latter does so timely and promptly; five interrogatories may be directed to them but not more (no subparts); one deposition per each of the IFS Customers may be conducted. No requests to admit may be directed to them. There will be no special limits on discovery directed at MMV.

**IT IS SO ORDERED.**

Dated:  June 16, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

*United States District Court*
For the Northern District of California