IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MSHIFT, INC., a Delaware corporation,

    Plaintiff,

  v.

DIGITAL INSIGHT CORPORATION, a Delaware corporation, COMMUNITY TRUST FINANCIAL CORPORATION, a Louisiana corporation, and COMMUNITY TRUST BANK, a Louisiana corporation, MOBILE MONEY VENTURES, LLC, a Delaware Limited Liability corporation, MERITRUST CREDIT UNION, a Kansas corporation, PROFESSIONAL FEDERAL CREDIT UNION, an Indiana corporation, SANFORD INSTITUTION FOR SAVINGS, a Maine corporation, FORT WORTH COMMUNITY CREDIT UNION, a Texas corporation, USE CREDIT UNION, a California corporation, GATE CITY BANK, A Minnesota corporation, BUSEY BANK, an Illinois corporation, DENSION STATE BANK, a Kansas corporation, FIDELITY BANK, a Massachusetts corporation, FIRST INTERNET BANK OF INDIANA, an Indiana corporation, and VISION BANK, a Florida corporation,

    Defendants.

DIGITAL INSIGHT CORPORATION d/b/a INTUIT FINANCIAL SERVICES, a Delaware corporation,

    Counterclaimant,

  v.

MSHIFT, INC., a Delaware corporation,

    Counterdefendant.

No. C 10-00710 WHA

**ORDER GRANTING MOTION TO INTERVENE AND VACATING HEARING**

In this patent infringement action, applicant SK C&C Co. ("SK"), a South Korean company, moves to intervene as a defendant. SK moves to intervene as a matter of right, or in the alternative, permissively, in order to protect its interest in software that it sells to defendant Mobile Money Ventures ("MMV"). In response to plaintiff's complaint, MMV sought indemnification from SK, on the basis that the allegedly infringing product was the "banking solution provided by SK." Helge Decl. ¶ 2. MMV packages SK's software into a mobile banking solution, and in partnership with defendant Intuit Financial Services ("IFS"), resells the mobile banking solution to customers of IFS. Plaintiff's first amended complaint names MMV, IFS, and twelve bank customers of IFS, as defendants. SK filed a proposed answer to plaintiff's original complaint, including affirmative defenses and counterclaims, in parallel with the instant motion. Defendants and plaintiff have both filed statements of non-opposition to SK's motion to intervene.

Rule 24(a) governs the instant motion. An applicant seeking intervention as of right must show that: (1) it has a "significant protectable interest" relating to the property that is the subject of the action; (2) disposition of the action may impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties do not adequately represent the applicant's interest. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). In the Ninth Circuit, district judges should interpret these requirements "broadly in favor of intervention." *Ibid.*

*First*, applicant SK has a significant protectable interest in this proceeding: the software that it sells to defendant MMV is the mobile banking solution is the subject of plaintiff's infringement action.

*Second*, if SK were not allowed to intervene, its ability to defend its interests in this matter would be impaired by any defense, settlement, or order disposing of this proceeding.

*Third*, SK timely filed its application to intervene. Non-expert discovery will not come to a close for another eight months. Trial is not scheduled to begin for another eleven months.

*Fourth*, SK is not adequately represented by existing parties to this proceeding. SK's software is at the core of plaintiff's infringement allegation. Furthermore, SK has been

2

asked to indemnify defendant MMV for any liability that results from this proceeding. MMV is indemnifying IFS, and IFS is indemnifying its twelve bank customers who have been named as defendants. If the instant motion were denied, SK would essentially be asked to indemnify fourteen defendants without having an opportunity to defend itself against plaintiff's claims. SK's application to intervene meets the four *Donnelly* requirements. SK has demonstrated that it is entitled to intervene as a matter of right, and therefore discussion of its motion to intervene permissively is unnecessary.

For the aforementioned reasons, applicant SK's motion to intervene as a defendant in this action is **GRANTED**. SK must file its answer to plaintiff's first amended complaint, including any affirmative defenses and counterclaims, within **SEVEN CALENDAR DAYS** of this order. No parties oppose SK's intervention. Accordingly, the hearing on the instant motion, scheduled for **JULY 8, 2010**, is **VACATED**.

**IT IS SO ORDERED.**

Dated: June 24, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE