IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MSHIFT, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>DIGITAL INSIGHT CORPORATION, a Delaware corporation, COMMUNITY TRUST FINANCIAL CORPORATION, a Louisiana corporation, and COMMUNITY TRUST BANK, a Louisiana corporation, MOBILE MONEY VENTURES, LLC, a Delaware Limited Liability corporation, MERITRUST CREDIT UNION, a Kansas corporation, PROFESSIONAL FEDERAL CREDIT UNION, an Indiana corporation, SANFORD INSTITUTION FOR SAVINGS, a Maine corporation, FORT WORTH COMMUNITY CREDIT UNION, a Texas corporation, USE CREDIT UNION, a California corporation, GATE CITY BANK, A Minnesota corporation, BUSEY BANK, an Illinois corporation, DENSION STATE BANK, a Kansas corporation, FIDELITY BANK, a Massachusetts corporation, FIRST INTERNET BANK OF INDIANA, an Indiana corporation, and VISION BANK, a Florida corporation,<br><br>    Defendants.<br>_____/<br>AND RELATED COUNTERCLAIMS.<br>_____/ | No. C 10-00710 WHA<br><br>**ORDER DENYING DEFENDANTS' MOTION TO FILE UNDER SEAL** |

    The undersigned has reviewed defendants' administrative motion to file four voluminous documents under seal and without redaction: (1) their motion for summary judgment of non-infringement of MShift's patent; (2) the declaration of Michael Potel, Ph.D in support of the

motion; (3) the declaration of Peter Buckner in support of the motion; and (4) the declaration of Jim Prior in support of the motion.

For the reasons set forth herein, the motion is **DENIED**. There is a "strong presumption in favor of access" to court documents, especially those relating to dispositive motions. To seal such documents, litigants must present "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Under this standard, a party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access by articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure. *Id.* at 1178-79. Relevant considerations include the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 565 F.3d 1106, 1116 (9th Cir. 2009).

There is no question that the pending summary judgment motion filed by defendants is dispositive in nature. Instead of providing compelling reasons to support their request, however, defendants merely cut-and-pasted variations of the following generic statement to justify the wholesale sealing of each of the above-mentioned documents (Fuehrer Decl. ¶¶ 1–4):

> The [document name] contains confidential information relating to the operation and design of MMV/DI mobile banking solution [sic] at issue in this action. MMV and DI do not publicly disclose this information and the public disclosure of this information could cause harm to MMV and DI as this information would be known to MMV and DI's competitors or individuals who may attempt to gain a competitive advantage over MMV and DI using this information.

Defendants also stated that the documents contained information that plaintiff MShift designated "Confidential" or "Highly Confidential" under the protective order in this action.

Defendants' motion falls far short of meeting the "compelling reasons" standard that applies to dispositive motions. *First*, the generic statement reproduced above fails to address or even identify the various types of "confidential information" contained in each document. For example, one of the exhibits of the Potel Declaration is simply the resume of Dr. Potel. What

2

compelling reasons exist to file this portion of the document under seal? The same declaration also contains information about a particular HTML specification taken directly from a publicly accessible website. If this information is already available to the public, what compelling reasons justify sealing it? In sum, defendants failed to meet their burden of establishing compelling reasons why *the particular information* in these documents should be sealed.

*Second*, it is clear that defendants did not attempt to narrow any of their sealing requests. They made no attempt to prepare redacted versions of these documents to at least give the public an idea of this dispute unfolding in their court system. This not only runs afoul of *Kamakana*, but Civil Local Rule 79-5(a), which states that all sealing requests "must be narrowly tailored to seek sealing only of sealable material." Defendants *must* do better and attempt to separate information that truly deserves to be filed under seal from information that must be disclosed to the public.

*Third*, under Civil Local Rule 79-5(d), MShift was required to file and serve a declaration establishing that any of its "Confidential" or "Highly Confidential" information included in the above-mentioned documents is sealable. This was supposed to be filed within seven days of defendants' motion. It has now been seven days and no declarations were filed by MShift.

In sum, neither party has provided compelling reasons to seal the above-mentioned documents. Despite this failure, the parties will be given until **NOON ON THURSDAY, JULY 15,** to file supplemental briefs, with appropriate accompanying declarations, setting forth compelling reasons why any document relating to the dispositive motions, and any portion thereof, should be filed under seal. The parties are on notice that their sealing requests must be narrowly tailored in light of the "strong presumption in favor of access" to court documents.

**IT IS SO ORDERED.**

Dated: July 8, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3