1  JAMES C. OTTESON, Bar No. 157781
   jim@agilityiplaw.com
2  XIANG LONG, Bar No. 246629
   longxiang@agilityiplaw.com
3  AGILITY IP LAW
   303 Almaden Boulevard, Suite 500
4  San Jose, CA 95110-2712
   Telephone: (408) 291-2750
5  Facsimile: (408) 297-6000

6  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
7  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
8  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
9  San Jose, CA 95110-2712
   Telephone: (408) 291-6200
10 Facsimile: (408) 297-6000

11 Attorneys for Plaintiff, Counter-Defendant, and
   Counter-Claimant MSHIFT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MSHIFT, INC., a Delaware corporation,<br><br>　　　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>DIGITAL INSIGHT CORPORATION d/b/a INTUIT FINANCIAL SERVICES, *et al*;<br><br>　　　　　　　　　　　　　　Defendants.<br><br><br>AND RELATED COUNTERCLAIMS | Case No. C10-00710 WHA<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT AND COUNTERCLAIMANT DIGITAL INSIGHT CORPORATION d/b/a INTUIT FINANCIAL SERVICES' COUNTERCLAIMS**<br><br>Judge: Hon. William H. Alsup<br>Place: Courtroom 9<br><br>Date Filed: February 19, 2010<br>Trial Date: May 23, 2011 |

# MSHIFT, INC.'S ANSWER TO DIGITAL INSIGHT CORPORATION d/b/a INTUIT FINANCIAL SERVICES' COUNTERCLAIMS

Plaintiff and counter-defendant MShift, Inc. ("MShift"), by its undersigned counsel, hereby responds to counterclaimant Digital Insight Corporation d/b/a Intuit Financial Services' ("DI") counterclaims as follows:

## PARTIES

2. MShift does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, and therefore denies the same.[1]

3. MShift admits the allegations of paragraph 3.

## JURISDICTION AND VENUE

4. MShift admits the allegations of paragraph 4.

5. MShift admits that this Court has subject matter jurisdiction over DI's first and second counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, Title 35, United States Code, for which jurisdiction is based on 28 U.S.C. §§ 1331 and 1338(a). MShift otherwise denies the allegations set forth in paragraph 5.

6. MShift admits the allegations of paragraph 6.

7. MShift admits the allegations of paragraph 7.

8. MShift admits that by its Complaint and First Amended Complaint, it has asserted and continues to assert that DI is infringing the '881 patent. Except as expressly admitted herein, MShift denies each and every remaining allegation contained in paragraph 8.

## COUNTERCLAIM I

### (Declaration of Noninfringement)

9. MShift realleges and incorporates by reference its responses in paragraphs 2 through 8, inclusive, as though fully set forth herein.

10. MShift denies the allegations set forth in paragraph 10.

11. MShift denies the allegations set forth in paragraph 11.

---

[1] As DI started its counterclaims at paragraph 2, MShift will use the same numbering for the convenience of the court and the parties.

## COUNTERCLAIM II

### (Declaration of Invalidity)

12. MShift realleges and incorporates by reference its responses in paragraphs 2 through 11, inclusive, as though fully set forth herein.

13. MShift denies the allegations set forth in paragraph 13.

14. MShift denies the allegations set forth in paragraph 14.

## COUNTERCLAIM III

### (Breach of Contract)

15. MShift realleges and incorporates by reference its responses in paragraphs 2 through 14, inclusive, as though fully set forth herein.

16. MShift admits that DI offers financial institutions ("FI's") online banking services, including mobile banking. MShift is without sufficient information or belief to admit or deny the remaining allegations set forth in paragraph 16.

17. MShift does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and therefore denies the same.

18. MShift does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and therefore denies the same.

19. MShift admits that, in 2003, MShift began discussions with DI regarding mobile banking services. MShift is without sufficient information or belief to admit or deny the remaining allegations set forth in paragraph 19.

20. MShift admits the allegations of paragraph 20.

21. MShift admits that MShift's former Chief Executive Officer ("CEO"), Awele Ndili, on behalf of MShift, signed an agreement called the "Mobile Banking Reseller Agreement" (the "Reseller Agreement") with DI on October 14, 2008. MShift otherwise denies the allegations set forth in paragraph 21.

22. MShift admits that MShift's former CEO, Awele Ndili, on behalf of MShift, signed the Reseller Agreement with DI on October 14, 2008.

23. MShift denies the allegations set forth in paragraph 23 and specifically denies any

1 breach of contract or wrongdoing.

24. MShift admits that Scott Moeller is a founder of MShift. MShift further admits that Mr. Moeller replaced Awele Ndili as MShift's CEO, but denies that this occurred in 2009. MShift further denies that Mr. Moeller expressed any opinions on the Reseller Agreement upon assuming his role as the CEO since Mr. Moeller did not find out about the Reseller Agreement until weeks after he became the CEO. MShift admits that Mr. Moeller sent a letter to Albert Ko of DI on February 19, 2009, but otherwise denies DI's mischaracterization of the contents of the letter. MShift otherwise denies the allegations set forth in paragraph 24 and specifically denies any breach of contract or wrongdoing.

25. MShift admits that SSL Certificate technology is provided by VeriSign, which is a third-party. MShift further admits that other than those obligations excused by DI's breach of the Reseller Agreement, MShift complied with its obligations under the Reseller Agreement. MShift otherwise denies the allegations set forth in paragraph 25 and specifically denies any breach of contract or wrongdoing.

26. MShift admits that, at the end of July 2009, it communicated with the FI's in order to collect SSL Certificate fees, which it had advance-paid to VeriSign on the FI's behalf. MShift otherwise denies the allegations set forth in paragraph 26 and specifically denies any breach of contract or wrongdoing.

27. MShift denies the allegations set forth in paragraph 27 and specifically denies any breach of contract or wrongdoing.

28. MShift denies the allegations set forth in paragraph 28 and specifically denies any breach of contract or wrongdoing.

29. MShift admits that it did not implement its mobile banking solutions for DI's new customers after May 2009. MShift otherwise denies the allegations set forth in paragraph 29 and specifically denies any breach of contract or wrongdoing.

30. MShift denies the allegations set forth in paragraph 30 and specifically denies any breach of contract or wrongdoing.

31. MShift admits that the Reseller Agreement has been terminated. MShift otherwise

denies the allegations set forth in paragraph 31 and specifically denies any breach of contract or wrongdoing.

32. MShift admits that, in February 2010, MShift informed the FI's about its patented technology and this patent infringement action. MShift otherwise denies the allegations set forth in paragraph 32 and specifically denies any breach of contract or wrongdoing.

33. MShift admits that on February 28, 2010, it received an email from DI stating that the SSL Certificate verification for an FI failed. MShift otherwise denies the allegations set forth in paragraph 33 and specifically denies any breach of contract or wrongdoing.

34. MShift denies the allegations set forth in paragraph 34 and specifically denies any breach of contract or wrongdoing.

35. MShift denies the allegations set forth in paragraph 35 and specifically denies any breach of contract or wrongdoing.

36. MShift denies the allegations set forth in paragraph 36 and specifically denies any breach of contract or wrongdoing. And in any event, the Reseller Agreement has been terminated since October 5, 2009.

37. MShift denies the allegations set forth in paragraph 37 and specifically denies any breach of contract or wrongdoing. And in any event, the Reseller Agreement has been terminated since October 5, 2009.

## COUNTERCLAIM IV

**(Tortious Interference with Contractual Relations)**

38. MShift realleges and incorporates by reference its responses in paragraphs 2 through 37, inclusive, as though fully set forth herein.

39. MShift admits that various FI's purchase mobile banking services through DI.

40. MShift admits that it is aware that certain FI's purchase mobile banking services through DI. MShift denies that the identity of these FI's is confidential.

41. MShift denies the allegations set forth in paragraph 41.

42. MShift admits that, in February 2010, MShift informed the FI's about its patented technology and this patent infringement action. MShift otherwise denies the allegations set forth

- 4 -

1 | in paragraph 42.

2 | 43. MShift admits that on February 28, 2010, it received an email from DI stating that the SSL Certificate verification for an FI failed. MShift otherwise denies the allegations set forth in paragraph 43.

44. MShift denies the allegations set forth in paragraph 44.

45. MShift denies the allegations set forth in paragraph 45.

## COUNTERCLAIM V

### (Tortious Interference with Prospective Economic Relations)

46. MShift realleges and incorporates by reference its responses in paragraphs 2 through 45, inclusive, as though fully set forth herein.

47. MShift does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47, and therefore denies the same.

48. MShift does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48, and therefore denies the same.

49. MShift admits that it is aware that certain FI's purchase online banking services, including mobile banking services, through DI. MShift otherwise denies the allegations set forth in paragraph 49.

50. MShift denies the allegations set forth in paragraph 50.

51. MShift denies the allegations set forth in paragraph 51.

52. MShift denies the allegations set forth in paragraph 52.

53. MShift denies the allegations set forth in paragraph 53.

54. MShift denies the allegations set forth in paragraph 54.

55. MShift denies the allegations set forth in paragraph 55.

## COUNTERCLAIM VI

### (Unfair Competition)

56. MShift realleges and incorporates by reference its responses in paragraphs 2 through 55, inclusive, as though fully set forth herein.

57. MShift denies the allegations set forth in paragraph 57.

|     |     |                                                                                      |
| --- | --- | ------------------------------------------------------------------------------------ |
| 1   | 58. | MShift denies the allegations set forth in paragraph 58.                             |
| 2   | 59. | MShift denies the allegations set forth in paragraph 59.                             |
| 3   | 60. | MShift denies the allegations set forth in paragraph 60.                             |

### COUNTERCLAIM VII

**(Declaration of Absolute and Equitable Intervening Rights)**

61. MShift realleges and incorporates by reference its responses in paragraphs 2 through 60, inclusive, as though fully set forth herein.

62. MShift denies the allegations set forth in paragraph 62.

### COUNTERCLAIM VIII)

**(Declaration of Unenforceability)**

63. MShift realleges and incorporates by reference its responses in paragraphs 2 through 62, inclusive, as though fully set forth herein.

64. MShift denies the allegations set forth in paragraph 64.

65. MShift denies the allegations set forth in paragraph 65.

### PRAYER FOR RELIEF

Responding to the unnumbered prayer for relief following paragraph 65, MShift denies that defendant is entitled to any of the relief requested.

MShift instead prays for judgment of dismissal of defendant's counterclaims as well as for relief as set forth in MShift's Complaint.

### AFFIRMATIVE DEFENSES

66. MShift, without waiver, limitation, or prejudice, hereby asserts the following defenses:

### FIRST DEFENSE

**(Failure to State a Claim)**

67. DI's counterclaims fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

**(Laches)**

68. DI's counterclaims are barred, in whole or in part, by the doctrine of laches.

## THIRD DEFENSE

### (Estoppel)

69. DI's counterclaims are barred, in whole or in part, by the doctrine of estoppel, implied consent, and/or acquiescence.

## FOURTH DEFENSE

### (Waiver)

70. DI's counterclaims are barred, in whole or in part, by the doctrine of implied of express waiver.

## FIFTH DEFENSE

### (Unclean Hands)

71. DI's counterclaims are barred, in whole or in part, by the doctrines of unclean hands, *in pari delicto*, and other principles of equity.

## SIXTH DEFENSE

### (Adequate Compensation at Law)

72. The injury or damage suffered by DI, if any, would be adequately compensated in an action at law for damages. Accordingly, DI has a complete and adequate remedy at law and is not entitled to any equitable relief.

## SEVENTH DEFENSE

### (Breach of Contract)

73. DI's counterclaims are barred, in whole or in part, by DI's material breaches of the Reseller Agreement.

## EIGHTH DEFENSE

### (Adequate Compensation at Law)

74. The injury or damage suffered by DI, if any, would be adequately compensated in an action at law for damages. Accordingly, DI has a complete and adequate remedy at law and is not entitled to any equitable relief.

///

///

## NINTH DEFENSE

### (Setoff)

75. To the extent that DI is entitled to any payment pursuant to any claim or demand for relief in this action, MShift is entitled to setoffs in the amounts due to it pursuant to MShift's Complaint and Counterclaims in Reply below.

## RESERVATION OF DEFENSES

76. To the extent not already pled, MShift reserves its rights to add additional defenses pending further investigation and discovery.

Date: August 11, 2010  BERGESON, LLP

/s/
Melinda M. Morton

Attorneys for Plaintiff, Counter-Defendant, and Counter-Claimant MSHIFT, INC.